FILED
SUPERIOR COURT
OF GUAM

2021 NOV 18 PM 3: 24

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**LOUIS ANTHONY VARGAS,**<br>DOB: 06/06/1985<br><br>Defendant. | **Criminal Case No. CF0446-18**<br>GPD Report No. 18-21592<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION AND APPLICATION FOR BAIL REDETERMINATION HEARING UNDER 8 G.C.A. § 40.50 FOR RELEASE TO THIRD PARTY CUSTODIANS AND/OR ELECTRONIC MONITORING** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 11, 2021 for hearing on Defendant Louis Anthony Vargas's ("Defendant's") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release to Third Party Custodians and/or Electronic Monitoring ("Motion"). Assistant Attorney General Christine Tenorio represents the People, and Assistant Public Defender Stephen Hattori represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

On July 22, 2018, Defendant was arrested and charged with eight counts of First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (each accompanied by a Vulnerable Victim sentencing enhancement) and six counts of Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (each accompanied by a Vulnerable Victim sentencing enhancement). Indictment (Aug. 9, 2018).

Decision and Order Denying Defendant's Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release to Third Party Custodians and/or Electronic Monitoring
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 1 of 5

On September 14, 2018, the Honorable Judge Anita Sukola issued an Order of Conditional Release, ordering that the Defendant be confined to house arrest at his Mangilao residence and not to leave Guam without permission of the Court. *See* Order of Conditional Release and Appearance Bond (Sep. 14, 2018). It was later discovered that Defendant had left Guam to New Mexico via Hawaii on a United Airlines flight, without having obtained Court permission. *See* 2nd Violation Report (Oct. 12, 2018). Defendant was subsequently arrested and the Court revoked his pre-trial release conditions. Minute Entry (Oct. 15, 2018).

On October 19, 2018, the Court ordered Defendant to remain in custody at the Department of Corrections, Mangilao ("DOC"), pending the posting of one hundred thousand dollars ($100,000.00) cash bail. Order After Hearing Re: Transfer of Custody to United States Air Force (Oct. 26, 2018). Defendant remains in custody at DOC to this day.

Between April 27, 2021 and May 20, 2021, Defendant had his jury trial and was found guilty of <u>Charge Two</u>: Second Degree Criminal Sexual Conduct (*Count Four*) and its accompanying *Special Allegation*: Vulnerable Victim Enhancement. *See* Verdict Forms 17 & 18 (May 20, 2021). Defendant's sentencing is set for November 10, 2021.

On September 17, 2021, Defendant filed his Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release to Third Party Custodians and/or Electronic Monitoring ("Motion"). Defendant requested his release on his own recognizance under the supervision of two third party custodians (his mom and sister), subject to electronic monitoring, and with the posting of ten thousand dollars ($10,000.00) cash bail. Motion at 2 (Sep. 17, 2021). Defendant argued these conditions are appropriate because he could stay at a house with no minors, he forfeited his passport and eliminated any flight risk, and because he has no prior arrests or convictions. <u>Id</u>. at 3-4. Additionally, Defendant argued that continued confinement at DOC poses a risk of danger to him, as he has already been assaulted on several occasions while incarcerated. <u>Id</u>. at 3-4.

The Court held a hearing on October 11, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

Decision and Order Denying Defendant's Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release to Third Party Custodians and/or Electronic Monitoring
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page **2** of 5

## DISCUSSION

"A person for whom conditions of release of release are imposed ... and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 G.C.A. § 40.50.

"A person who has been convicted of an offense and is ... awaiting sentencing ..., shall be released ... pending the imposition of sentence ... unless the Court has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or the community. If such a risk of flight or danger is believed to exist, ... the person may be ordered detained." The law identifies several factors in making such a determination, which include:

(1) The nature of the offense charged, the apparent possibility of conviction, and the likely sentence;
(2) The history and characteristics of the person charged, including:
    (A) Length of his/her residence on Guam;
    (B) His/her employment status and history, and financial condition;
    (C) His/her family ties and relationships;
    (D) His/her reputation, character, and mental and physical condition;
    (E) His/her prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (F) His/her history relating to drug or alcohol abuse;
    (G) The identity of the reasonable members of the community who will vouch for his/her reliability;
    (I) Whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence of an offense under federal, state, or local law; and
(3) The nature and seriousness of the danger the person would pose to the community or any individual member thereof if released;
(4) Statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) Lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and
(6) Any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

Decision and Order Denying Defendant's Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release to Third Party Custodians and/or Electronic Monitoring
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 3 of 5

Where the judge determines that release of the person charged on his/her own recognizance will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, the judge shall impose the lease onerous of the following conditions which is reasonably likely to assure the person's appearance as required and the safety of any other person and the community, or, if no single condition gives that assurance, the least onerous combination of the following conditions.

8 G.C.A. § 40.20.

These conditions include:

(a) Placement of the person in the custody of the designated person or organization agreement to supervise him/her and to assist him/her in appearing in court;
(b) Placement of restrictions on the activities, movements, associations, and residence of the person;
(c) Placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the Court for electronic monitoring;
(d) Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;
(e) Release of the person during working hours, but with the condition that he/she return to custody at specified times;
(g) Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20.

Defendant's release on his own recognizance will not reasonably assure his future appearance as Defendant firmly established himself as a flight risk. Defendant has already previously failed to obey the Court's orders, as evidenced by the Violation Reports which led to the revocation of his pre-trial release. Defendant had an opportunity for pre-trial/pre-sentencing release, but subsequently lost that opportunity when he left Guam. Defendant's current risk of flight is objectively greater than it was at pre-trial, as he's already been convicted of a Second Degree Felony. Furthermore, the Court does not believe less burdensome conditions such as electronic monitoring will establish Defendant's presence, since he's already shown a willingness to go against the Court's orders.

## CONCLUSION

Decision and Order Denying Defendant's Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release to Third Party Custodians and/or Electronic Monitoring
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 4 of 5

For the reasons stated above, the Court **DENIES** Defendant's Motion. The Court will not modify Defendant's conditions of release, and the one hundred thousand dollar ($100,000.00) bail will remain in place.

**IT IS SO ORDERED** this __November 18, 2021__.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
__AG; PDSC__

Date: 11/2/21  Time: 3:46

Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release to Third Party Custodians and/or Electronic Monitoring
CF0446-18, *People of Guam v. Louis Anthony Vargas*